REBECCA SWIDLER et al., Appellants, v. KNOCKLONG CORP. et al., Respondents. — On December 4, 1946, a parcel of property owned by the heirs of Catherine Laffey was sold for unpaid taxes of $56.22 to defendant Connolly, who transferred a one-half interest to defendant Knocklong.  On December 13, 1948, the County Treasurer delivered his deed to the parcel to Knocklong and Connolly, although notice to redeem had not been served on the owners of the property as required by section 5.51.0 of the Nassau County Administrative Code.  On January 20, 1949, a summons and complaint were filed in the Nassau County Clerk's office in a partition action in the County Court of Nassau County brought by Knocklong against Connolly and others, including the Laffey heirs.  On January 28, 1949, a deed to the parcel from the Laffey heirs to one Leighton was recorded in the Nassau County Clerk's office and, on February 21, 1949, a deed from Leighton to plaintiffs was recorded.  On March 28, 1949, an order was made in the County Court partition action authorizing service by publication to the Laffey heirs on the basis of an affidavit, verified March 28, 1949, which stated, among other things, that a search of the records of the County Clerk's office disclosed no record of any conveyances affecting title to the parcel made by any of the defendants.  On June 22, 1949, judgment was entered in the County Court partition action barring the Laffey heirs from any interest in the property.  On July 1, 1949, Knocklong conveyed its half interest to Connolly.  On November 4, 1949, Connolly conveyed the parcel to defendant Gresa for $6,000.  On April 24, 1950, the present action under article 15 of the Real Property Law was commenced seeking, among other things, to set aside the County Court judgment in the partition

action on the ground that there was a fraud on the court in procuring the order of service on the Laffey heirs by publication, and that the court was without jurisdiction of the Laffeys, and on the further ground that the deed of the County Treasurer of December 13, 1948, was void inasmuch as the notice to redeem required by section 5.51.0 of the Nassau County Administrative Code had not been served. On May 29, 1950, Knocklong moved for summary judgment on the ground that the County Court judgment in the partition action was a bar to the present action. The motion was granted by order entered June 13, 1950. On June 12, 1950, Gresa and Connolly moved for summary judgment on the same grounds as the Knocklong motion. On July 12, 1950, separate judgments were entered in behalf of Gresa and Connolly on the granting of their motions. This is an appeal by plaintiffs from the order entered June 13, 1950, and from the judgments entered July 12, 1950. Order and judgments reversed on the law and the facts, with $10 costs and disbursements, and each motion for summary judgment denied, without costs. Upon the trial it may be found that the order for service by publication in the County Court action was void because it was procured on an affidavit which was constructively fraudulent in that it made an untrue statement of the material fact that the records of the County Clerk's office did not then show any record of conveyance by the Laffey heirs, when in fact a conveyance by four such heirs, giving their addresses, was recorded two months prior thereto. There was, therefore, no jurisdiction of the Laffey heirs in that action. (*Lapiedra* v. *American Sur. Co.*, 247 N. Y. 25, 31.) Furthermore, Knocklong and Connolly did not acquire good title by the County Treasurer's deed delivered December 13, 1948, because of the failure to serve the notice to redeem on the Laffey heirs. Gresa is not an innocent purchaser for value because its deed is dated November 4, 1949, long after the deed from the Laffeys to Leighton recorded January 28, 1949, and the deed from Leighton to plaintiffs recorded February 21, 1949. Johnston, Acting P. J., Sneed, Wenzel and MacCrate, JJ., concur; Adel, J., dissents and votes to affirm, with the following memorandum: The judgment in the partition action is regular on its face and discloses no patent defect in respect of jurisdiction. The defect asserted is a claimed latent defect which may not be attacked collaterally. A collateral attack is limited to a jurisdictional defect appearing on the face of the record. (*Sleicher* v. *Sleicher*, 251 N. Y. 366, 371; *Herring* v. *New York, Lake Erie & Western R. R. Co.*, 105 N. Y. 340, 372; *Matter of Cafferty*, 276 App. Div. 927; *Shea* v. *Shea*, 270 App. Div. 527, 531; *Nankivel* v. *Omsk All Russian Government*, 203 App. Div. 740, 743.) [See *post*, p. 841.]